UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN VILLALONA,

      Petitioner,

v.

WARDEN FORT DIX CORR. INST.,

      Respondent.

Case No. 24–cv–06696–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on petitioner Steven Villalona's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) Respondent Warden Thompson opposes the Petition and argues that it is moot. (ECF No. 8.) For the following reasons, I will dismiss the Petition as moot.

    Petitioner submitted the Petition on June 6, 2024. (ECF No. 1.) The Petition challenged a Federal Detention Center Miami disciplinary hearing in October 2012 wherein petitioner was charged with fighting with another person and sanctioned with the loss of 27 days of good time credits.[1] (ECF No. 1–1 pp. 1, 2.) On June 26, 2024, I ordered respondent to file an answer to the Petition. (ECF No. 5.)

    Petitioner filed a letter on August 7, 2024 indicating that he would be released from the Bureau of Prisons's (Bureau) custody on August 9, 2024. (ECF No. 7.) Respondent filed a letter on August 12, 2024 confirming that

---

[1] This Court had jurisdiction pursuant to 28 U.S.C. § 2241 as petitioner was challenging the loss of good time credits and was detained in FCI Fort Dix, New Jersey when he filed the Petition.

petitioner had been released and asking the Court to dismiss the Petition as moot. (ECF No. 8.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Petitioner has completed the custodial portion of his sentence and been released from the Bureau's custody. (ECF No. 8–2 p. 5.) The Court cannot grant petitioner further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. *United States v. Johnson*, 529 U.S. 53 (2000); *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)). Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 19, 2024